# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALISHA L. FORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-1211 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AMERICAN STATES INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons stated below, Plaintiff's Motion to Remand (Doc. 3) will be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Alisha L. Ford ("Plaintiff") filed a Complaint against Defendant American States Insurance Company ("American States") in the Court of Common Pleas of Westmoreland County, on July 17, 2013. The complaint sought a declaration that Plaintiff's insurance policy was not subject to a valid rejection of Underinsured Motorist Coverage. Compl. (Doc. 1-2) at ¶ 23.

American States filed a Notice of Removal (Doc. 1) on August 22, 2013, on the grounds of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff subsequently filed the instant Motion to Remand (Doc. 3), arguing that the Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to decline jurisdiction and remand the action to state court.

**ANALYSIS**

The Declaratory Judgment Act, 28 U.S.C. § 2201, ("The Act"), provides that a court, "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

28 U.S.C. § 2201(a) (emphasis added).  The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).  When faced with an action under the Act, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  Id. at 288.

In actions involving insurance coverage issues, the Third Circuit, in State Auto Ins. Cos. v. Summy, noted several factors relevant to determining whether to exercise jurisdiction under the Act, including: "(1) A general policy of restraint when the same issues are pending in a state court; (2) An inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and (3) Avoidance of duplicative litigation."  234 F.3d 131, 134 (3d Cir. 2000).  Further, the Third Circuit noted that, "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it," a consideration "especially important in insurance coverage cases."  Id.  at 135.

A party's objection to the federal forum weighs in favor of remanding an action to state court.  Id. at 136.  Further, federal courts should be "particularly reluctant" to exercise jurisdiction when "applicable state law is uncertain or undetermined."  Id. at 135.  In fact, it is "counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court."  Id.

Here, Plaintiff seeks a declaration that her insurance policy was not subject to a valid rejection of Underinsured Motorist Coverage ("UIM"), and thus her stacked coverage relative to the incident in question amounted to $200.000.  Compl. at ¶ 23.  Specifically, Plaintiff argues

that the rejection form at issue was invalid because it included an additional word, "motorists," and therefore did not "specifically comply" with § 1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL").[1] This determination would rest solely on an interpretation of the Pennsylvania MVFRL, and would not implicate any federal laws or rights. Hence, this is a case that has "no special call on the federal forum." Summy, 234 F.3d at 136 ("The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum.").

American States argues that this Court should exercise jurisdiction, because federal courts have already ruled on the exact same issue presented in this case. Def.'s Resp. (Doc. 5) at 3-4. However, federal courts "do not establish state law, but are limited to predicting it." Summy, 234 F.3d at 135. Here, federal courts have disagreed on how the state court would rule on the particular question presented in this declaratory judgment action. For example, the United States District Court for the Eastern District of Pennsylvania, relying on a Pennsylvania Superior Court case, found that the addition of the term "motorist" did render a rejection from invalid. Robinson v. Travelers Indem. Co. of America, Civ. No. 11-5267, 2012 WL 677007, at *2 (E.D. Pa. Feb. 29, 2012). The Court of Appeals for the Third Circuit overturned that decision, finding that the state precedent did not call for such a holding. Robinson v. Travelers Indem. Co., 520 Fed. Appx. 85, 88-89 (3d. Cir. 2013). This disagreement shows that the state law in this area remains unclear, making it especially beneficial to remand this case to state court in order to

---

[1] Section 1731(c) provides the standard language to be included in UIM rejection forms, and § 1731(c.1) provides that "[a]ny rejection form that does not specifically comply with this section is void." 73 Pa. Cons. Stat. § 1731(c.1). The standard language in § 1731(c) includes the phrase: "Underinsured coverage protects me and relatives living in my household…" 73 Pa. Cons. Stat. § 1731(c). The rejection form in this case added the term "motorists," so that it stated: "Underinsured *motorists* coverage protects me and relatives living in my household…" Comp. (Doc. 1-2) at 20. Plaintiff argues that this deviation from the standard language renders the UIM rejection form void.

obtain guidance as to the meaning of "specifically comply" in § 1731. Moreover, here, unlike in Robinson,[2] Plaintiff has adamantly expressed her objections to the federal court's exercise of jurisdiction, which provides further support for remanding this case to state court. Summy, 234 F.3d at 136.

American States also argues that the Court should not remand the case because there are no pending issues in state court, no conflict of interest regarding an insured's duty to defend, and no duplicative litigation. Def.'s Resp. (Doc. 5) at 5-6. However, courts have held that the existence of an ongoing state proceeding is simply a factor to be weighed in the analysis, and is not a prerequisite to the Court's exercise of jurisdiction. See, e.g., Allstate Ins. Co. v. Seelye, 198 F. Supp.2d 629, 631-32 (W.D. Pa. 2002) (finding that a fair reading of Summy indicates that a parallel state proceeding is "but one factor a district court should consider"); Allstate Property and Cas. Ins. Co. v. Owens, Civ. No. 11-4, 2011 WL 94412, at *5 (W.D. Pa. Jan. 11, 2011); Dixon v. Progressive N. Ins. Co., No. 02:08cv1010, 2008 WL 4072816, at *6-7 (W.D. Pa. Aug. 27, 2008). Similarly, the Court finds that the absence of a parallel state proceeding does not require, or convince, this Court to exercise jurisdiction here. Instead, this factor is far outweighed by the fact that no federal interests or rights are implicated by the question presented in this case.

In conclusion, the Court finds that state court is the more appropriate forum to answer the question presented in this declaratory judgment action. Accordingly, the Court will decline to exercise jurisdiction under the Act and will remand the case to the Court of Common Pleas of Westmoreland County.

---

[2] There is no indication in either Robinson opinion that the plaintiff filed a motion to remand or otherwise objected to the federal court's exercise of jurisdiction.

## II.    ORDER

For the reasons stated above, the Court hereby orders that Plaintiff's Motion for to Remand (Doc. 3) is **GRANTED**. This action is hereby **REMANDED FORTHWITH** to the Court of Common Pleas of Westmoreland County, Pennsylvania (Case Number 3733 of 2013).

IT IS SO ORDERED.


January 23, 2014                                    s\Cathy Bissoon
                                                                                      Cathy Bissoon
                                                                                      United States District Judge

cc (via ECF email notification):

All Counsel of Record